UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
LARRY LAVOICE, on behalf of himself and     :
all those similarly situated,               :
                                            :
                Plaintiffs.  :   11 Civ. 2308 (KMW) (JLC)
                                            :
        -against-                         :   Order & Opinion
                                            :
UBS FINANCIAL SERVICES, INC.,               :
and UBS AG,                                 :
                                            :
                Defendants.  :
---------------------------------------------------------------X
KIMBA M. WOOD, U.S.D.J.

      From August 2002 to July 2010, Plaintiff Larry LaVoice ("LaVoice") was employed as a financial advisor for Defendant UBS Financial Services, Inc. ("UBS"). On April 4, 2011, LaVoice filed the instant action asserting class and collective action claims against UBS and UBS AG (collectively "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), the New York State Labor Department's Codes, Rules, and Regulations, and the New York Labor Law. [See Dkt. Nos. 1 (Complaint), 4 (First Amended Complaint)].

      On January 13, 2012, the Court granted Defendants' motion, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., to compel arbitration of LaVoice's individual claims and to stay the action "pending the completion of arbitration." See LaVoice v. UBS Fin. Servs., Inc., No. 11 Civ. 2308, 2012 WL 124590, at *9 (S.D.N.Y. Jan. 13, 2012) (Jones, J.) (the "January 13 Order") [Dkt. No. 41].[1] The Court concluded that: (1) the parties had agreed, in the arbitration agreements signed by LaVoice during his UBS employment, to arbitrate the individual claims at issue in this case, (2) the arbitration agreements were enforceable, and (3) "LaVoice has provided insufficient evidence to support a finding that his claims [were]

---

[1] This case was originally assigned to the Honorable Barbara S. Jones, and was reassigned to the undersigned on January 10, 2013. [Dkt. No. 85].

1

unarbitrable under the FAA." Id. at *3, *6.  LaVoice did not seek reconsideration or leave to appeal the January 13 Order.

On July 5, 2012, after having been informed by counsel that LaVoice did not intend to arbitrate his claims, the Court lifted the stay imposed by the January 13 Order.  See LaVoice v. UBS Fin. Servs., Inc., No. 11 Civ. 2308, 2012 WL 2774968 (S.D.N.Y. July 5, 2012) [Dkt. No. 71].  On July 23, 2012, LaVoice served UBS with Plaintiff's First Request for Production of Documents.  [Dkt. No. 80-5].  On September 20, 2012, LaVoice served amended document requests.  [Dkt. Nos. 80-3, -4].  These requests sought discovery that is arguably relevant to both LaVoice's individual claims and to the claims of all members of the putative class and collective action.  (See March 29, 2013 Joint Status Letter from Jeffrey G. Smith).  UBS requested that LaVoice withdraw these document requests, but he declined.   In response, UBS filed the instant motion to dismiss this action or, alternatively, for a protective order against the document requests.  [Dkt. No. 78].

For the reasons that follow, the Court GRANTS Defendant's motion to dismiss this action with prejudice.

**I.     LaVoice Refuses to Submit to Arbitration**

The Court's January 13 Order requires LaVoice, pursuant to the arbitration agreements between LaVoice and UBS, to submit his individual claims to arbitration.  After ordering LaVoice to arbitrate, rather than dismiss the action, the Court chose to impose a stay so as to retain jurisdiction to enforce any arbitral award.  See LaVoice, 2012 WL 124590, at *9.  This is the preferred approach in this Circuit because dismissals are appealable orders, and thus may delay the arbitral process.  See Salim Oleochemicals v. M/V SHROPSHIRE, 278 F.3d 90, 93 (2d Cir. 2002) ("Unnecessary delay of the arbitral process through appellate review is disfavored.

District courts should continue to be mindful of this liberal federal policy favoring arbitration agreements." (internal quotation marks and citation omitted)).

Despite the Court's clear mandate, LaVoice has consistently maintained that he has no intention of pursuing his claims in arbitration. (See, e.g., Dkt. No. 20 ¶ 5 (LaVoice Affidavit stating "[i]f this action cannot be maintained as a class action, I would definitely not submit my claims to a FINRA arbitration"); Dkt. No. 52-1 ¶ 3 (LaVoice Declaration stating "I respectfully decline to bring the arbitration claims"); June 4, 2012 Hearing Tr. 7, Dkt. No. 72 ("Mr. LaVoice does not intend to pursue arbitration.")). Indeed, even in response to the instant motion to dismiss, LaVoice does not suggest that he is interested in pursuing arbitration. [Dkt. No. 82]. Accordingly, the Court is left with the firm understanding that LaVoice has chosen not to pursue his claims in the only forum available to him.

## II.   LaVoice May Not Relitigate the Motion to Compel Arbitration

Rather than submit his individual claims to arbitration, LaVoice opposes UBS's motion to dismiss by seeking to relitigate UBS's prior motion to compel arbitration. This belated attempt is unavailing for numerous reasons. First, this Court's January 13 Order rejected many of the same arguments that LaVoice now reasserts. See LaVoice, 2012 WL 124590, at *3-6. Under the law of the case doctrine, "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir. 2002).[2]

---

[2] For example, LaVoice relies on the decisions in Raniere, et al. v. Citigroup, Inc., 827 F. Supp. 2d 294 (S.D.N.Y. 2011) (Sweet, J.), and D.R. Horton, Inc. & Michael Cuda, 2012 WL 36274, Case 12–CA–25764 (N.L.R.B. Jan. 3, 2012). The district court's decision in Raniere has since been reversed. See Raniere v. Citigroup Inc., No. 11-5213-CV, 2013 WL 4046278, at *2 (2d Cir. Aug. 12, 2013). In any event, the Court's January 13 Order expressly declined to follow either the district court's decision in Raniere or the D.R. Horton decision. See LaVoice, 2012 WL 124590, at *6.

Second, although LaVoice seeks to assert some new arguments against the motion to compel,[3] the Court has rejected many of these arguments in a companion case.  See Cohen v. UBS Fin. Servs., Inc., 12 CIV. 2147 BSJ JLC, 2012 WL 6041634 (S.D.N.Y. Dec. 4, 2012) (Jones, J.) (rejecting similar arguments based on the FINRA arbitration rules).[4]

Third, were the Court to construe LaVoice's arguments as an attempt to obtain reconsideration of the January 13 Order, such a submission would be untimely, see S.D.N.Y. Local Civil Rule 6.3 (providing for 14 day deadline), and in any event does not fall within any of the well-established bases for reconsideration.  See Anwar v. Fairfield Greenwich Ltd., 283 F.R.D. 193, 196 (S.D.N.Y. 2012) (Marrero, J.) ("[A] request for reconsideration under [Local] Rule 6.3 must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court.  Rule 6.3 is intended to ensure the finality of decisions and to prevent the practice of a losing party . . . plugging the gaps of a lost motion with additional matters." (internal citations and quotation marks omitted)).

Finally, the Supreme Court's recent decision in American Express Co. v. Italian Colors Restaurant, 133 S. Ct. 2304 (2013), makes clear that the arbitration agreements in this case are enforceable.  In Italian Colors, the Supreme Court explained that, unless the FAA's mandate has been overridden by a contrary congressional command, courts must "rigorously enforce arbitration agreements according to their terms, including terms that specify *with whom* [the

---

[3] LaVoice's FINRA arbitration rules arguments were not presented to the Court in a timely manner and thus cannot serve as a basis to revisit the Court's earlier decision.  See Campers' World Int'l, Inc. v. Perry Ellis, Inc., 221 F.R.D. 409, 409 (S.D.N.Y. 2004) (Patterson, J.) ("[I]t is improper for a party to file a successive motion for summary judgment which is not based upon new facts and which seeks to raise arguments it could have raised in its original motion.").

[4] Plaintiffs in the Cohen action were employed in the same position as LaVoice.  The Cohen plaintiffs also brought substantially similar claims as LaVoice and are represented by the same counsel.

parties] choose to arbitrate their disputes, and the rules under which that arbitration will be conducted." Id. at 2309 (internal quotation marks and citations omitted; emphasis and brackets in original). Applying Italian Colors, the Second Circuit has recently concluded that "the FLSA does not include a 'contrary congressional command" that prevents . . . arbitration agreement[s] from being enforced by [their] terms." Sutherland v. Ernst & Young LLP, No. 12-304-CV, 2013 WL 4033844, a *6 (2d Cir. Aug. 9, 2013). The Second Circuit has also recognized Italian Colors' holding that the "effective vindication doctrine" cannot be used to invalidate class-action waiver provisions in circumstances where the costs of individual arbitration exceed the recovery sought. Id. at *6; see also Raniere v. Citigroup Inc., No. 11-5213-CV, 2013 WL 4046278, at *2 (2d Cir. Aug. 12, 2013). These recent decisions undermine LaVoice's untimely arguments seeking to relitigate the motion to compel arbitration.[5]

### III. Dismissal of LaVoice's Claims is Appropriate

Other than arguments regarding the propriety of arbitration, which this Court rejects, LaVoice contends that the Court should not dismiss this action because UBS has not presented its motion through the right procedural mechanism. UBS contends that the Court has authority to dismiss this action based on either a judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), or on summary judgment, pursuant to Rule 56.

However the motion is styled, the Court finds that dismissal is appropriate. "In the context of motions to compel arbitration brought under the Federal Arbitration Act, the court applies a standard similar to that applicable for a motion for summary judgment." Bensadoun v. Jobe–Riat, 316 F.3d 171, 175 (2d Cir. 2003) (citations omitted). Accordingly, courts "must grant

---

[5] On July 9, 2013, UBS submitted a Notice of Supplemental Authority directing the Court's attention to the Supreme Court's Italian Colors decision. [Dkt. No. 88]. On August, 16, 2013, UBS submitted another Notice regarding the Second Circuit's subsequent applications of Italian Colors. [Dkt. No. 89]. LaVoice has not responded to either of UBS' submissions.

a motion to compel arbitration if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law." Ryan v. JPMorgan Chase & Co., 924 F. Supp. 2d 559, 561-62 (S.D.N.Y. 2013) (Briccetti, J.).

Where, as in this case, a binding arbitration agreement applies and is enforceable, "the Court may *dismiss the case* and order the parties to arbitrate." See Ryan, 924 F. Supp. 2d at 562 (emphasis added); see also Reynolds v. de Silva, No. 09 Civ. 9218, 2010 WL 743510, at *8–9 (S.D.N.Y. Feb. 24, 2010) (McMahon, J.) ("[A]ll courts of which we are aware have followed the rule that, where all of the issues raised in the Complaint must be submitted to arbitration, the Court may dismiss an action rather than stay proceedings." (internal quotation marks and citations omitted)); Lewis Tree Serv., Inc. v. Lucent Techs., Inc., 239 F. Supp. 2d 332, 340 (S.D.N.Y. 2002) (Koetl, J.) ("Because all of Ironman's claims are subject to arbitration, no useful purpose will be served by granting a stay of Ironman's claims and thus its action against the defendants is dismissed."). Although this Court originally stayed the action so that the parties could submit to arbitration, LaVoice has since made clear that a stay or continued activity in this case would serve no useful purpose. Wedded

On this basis, the Court GRANTS Defendant's Motion to Dismiss, with prejudice. [Dkt. No. 78].[6] The Clerk of the Court is directed to close this case. Any pending motions are moot.

---

[6] Because the Court has not yet certified a class in this action, dismissal of the named plaintiff's claims requires dismissal of the entire action. See, e.g., Comer v. Cisneros, 37 F.3d 775, 798 (2d Cir. 1994) ("[I]f the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot."); Oklahoma Firefighters Pension & Ret. Sys. v. Student Loan Corp., No. 12 Civ. 895, 2013 WL 3212297, at *11 (S.D.N.Y. June 25, 2013) (Buchwald, J.) ("If no named plaintiff has standing to represent the potential class of plaintiffs who have suffered the alleged injury giving rise to the action, courts typically dismiss the action in its entirety."). Of course, because the unnamed class members are not yet part of the action, dismissal will not have any prejudicial effect on potential claims. See Smith v. Bayer Corp., 131 S. Ct. 2368, 2381 & n.11 (2011) ("[A] properly conducted class action, with binding

SO ORDERED.

Dated: New York, New York
September 25, 2013

/s/_____
KIMBA M. WOOD
United States District Judge

---

effect on nonparties, can come about . . . in just one way—through the procedure set out in Rule 23." (internal quotation marks omitted)).

  Moreover, the Court has already expressed its inclination to make any dismissal in this case a dismissal with prejudice. [See Dkt. No. 80 Ex. 1 at 13]. "A court [ ] has discretion to dismiss with prejudice if it believes that amendment would be futile or would unnecessarily expend judicial resources." Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc., No. 08 Civ. 7508, 2009 WL 3346674 (S.D.N.Y. Oct. 15, 2009) (Scheindlin, J.). In this case, LaVoice has been made well aware of the arbitrability of his claims, and yet has not indicated any amendment to his complaint that might allow his claims to proceed outside of arbitration. See, e.g., Bui v. Industrial Enter., of Am., Inc., 594 F. Supp. 2d 364, 373-74 (S.D.N.Y. 2009) (Marrero, J.) (granting motion to dismiss with prejudice where plaintiffs had "already had an opportunity to amend the Initial Complaint in response to deficiencies pointed out by the first pre-answer motion to dismiss"). A dismissal without prejudice would therefore be futile.

  Finally, although the Court grants Defendants' motion, the Court exercises its discretion and declines to grant UBS's request for fees. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 402 (1990).